# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| SHABBAR RAFIQ, § | |
| PETITIONER, § | |
| § | |
| v. § | CIVIL CASE NO. 3:25-CV-478-G-BK |
| § | |
| WARDEN, SEAGOVILLE FCI, § | |
| RESPONDENT. § | |

## AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* habeas corpus case under 28 U.S.C. § 2241 was automatically referred to the United States Magistrate Judge for case management.  Petitioner Shabbar Rafiq filed a *Motion for Temporary Restraining Order* (TRO) with affidavit on March 28, 2025, and a *Supplemental Motion for TRO*, on March 25, 2025.  Doc. 14; Doc. 9.

On February 18, 2025, Rafiq mailed his 2241 habeas petition from FCI Seagoville.  Doc. 3 at 2.  The BOP later transferred Rafiq to FCI Allenwood in White Deer, Pennsylvania, and Rafiq mailed his original and supplemental motions for TRO from there.[1]  Doc. 9 at 1-2; Doc. 14 at 4-5.  The Court has served the petition on Respondent and ordered an answer or other responsive pleading by May 27, 2025.  Doc. 13.

---

[1] While Rafiq is no longer in custody in this district, he filed his habeas petition in this district, so jurisdiction is proper here.  *See Griffin v. Ebbert*, 751 F.3d 288, 290-91 (5th Cir. 2014) ("Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." (collecting cases)).

Rafiq asserts that on December 16, 2024, the BOP transferred him to a residential re-entry center (RRC) in Fort Worth, Texas. Doc. 14 at 1; Doc. 15 (Aff.). He also contends that on February 14, 2025, the U.S. Marshal arrested Rafiq for no apparent infraction and detained him at FCI Seagoville. Doc. 14 at 1. Rafiq argues that "[t]he most probable explanation for [his] arrest is . . . the policy enacted on Jan. 30, 2025, [which] revok[ed] all RRC and HC [home confinement] placements for individuals with immigration detainers." Doc. 14 at 3.

Rafiq seeks release from custody and return to pre-release custody in a RRC pending a decision on his federal habeas corpus petition. Doc. 14 at 1. He asserts that the BOP's action "exceeded its statutory authority by cancelling Rafiq's [earned time credits] and then based on such cancellation revoked the mandatory pre-release, both in violation of the FSA [First Step Act]." Doc. 14 at 2. Rafiq argues that his "claim, if successful, leads to his earlier release from confinement. Doc. 14 at 2. He adds that the exhaustion requirement is inadequate or futile and, thus, he should be excused from exhausting his administrative remedies. Doc. 14 at 3. Rafiq also states that his "incarceration renders it impracticable to provide any notice and none is required because the time required to provide Respondent notice and time to respond prolongs the unlawful prison confinement." Doc. 9 at 1.

Federal Rule of Civil Procedure 65(b)(1) provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

FED. R. CIV. P. 65(b)(1). Rafiq's pleading do not satisfy these requirements.

Additionally, the Court may grant a temporary restraining order only when the movant establishes *each* of these elements:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (citation omitted).

Even waiving the Rule 65(b)(1) requirements, however, Rafiq fails to establish that the *Janvey* factors warrant issuing a temporary restraining order, specifically that there is a substantial likelihood of success on the merits and that a substantial threat of injury will result if the temporary restraining order is not granted. Indeed, prerelease placement in RRC or HC is a change in the conditions of confinement and thus not cognizable in a habeas corpus action. *See Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (finding a challenge to exclusion from program allowing home confinement for elderly offenders is more properly brought as a civil rights suit); *Maldonado v. Rule*, No. 4:24-CV-0971-P, 2025 WL 476256, at *2 (N.D. Tex., Fort Worth Div., Feb. 11, 2025) (holding a request for placement in prerelease custody because of FSA time credits is not cognizable in habeas); *see also Mosley v. Reiser*, No. 3:21-CV-394-TSL-RPM, 2022 WL 16572029, at *2 (S.D. Miss. Nov. 1, 2022) (finding a claim about placement in home confinement for elderly offenders was not a habeas claim), *aff'd*, No. 22-60625, 2023 WL 3947169 (5th Cir. June 12, 2023).

Accordingly, Rafiq's motions for TRO should be summarily **DENIED**.

**SO RECOMMENDED** April 1, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).